**UNITED STATES of America, Plaintiff,**

v.

**James J. MATLES, Defendant.**
**Civ. No. 13121.**

United States District Court
E. D. New York.

July 11, 1957.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Elliott S. Greenspan, Asst. U. S.Atty., Brooklyn, N. Y., of counsel, for the United States.

Eugene F. Bannigan and Donner, Kinoy & Perlin, New York City, Samuel Gruber, Stamford, Conn., Marshall Perlin and Frank J. Donner, New York City, of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for a new trial of this action, mainly upon the authority of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. The plaintiff cross moves for similar relief, limited as hereinafter mentioned.

After trial without a jury, this Court handed down an opinion, reported in 150 F.Supp. 85, revoking the certificate of citizenship of the defendant, upon the ground of fraud. Some of the Government witnesses admitted on cross-examination that they had made oral or written statements to government agencies, such as the Federal Bureau of Investigation and the Immigration Service. The Court, pursuant to the established practice prior to Jencks, declined to permit inspection of the reports by the defendant. It is the present contention that this practice has been altered by the Jencks rule and that the case should be reopened to allow the defendant to take advantage of the new practice.

The principal question, now before the Court, is the extent of the new trial. Even the defendant agrees that the trial should not be de novo. He consents that the direct testimony of the Government witnesses and the entire defense testimony, adduced at the trial, may be incorporated by reference in the record at the new trial. The Government's position in essence is that the new trial should be limited to cross-examination of certain Government witnesses who made reports to the Federal Bureau of Investigation and to the Immigration Service and it consents to furnish the defendant with such of those reports as it possesses, for use at the time of such cross-examination.

The determination of the said question rests upon an analysis of the Jencks decision.

It appears therein that the defendant was convicted of the crime of false swearing under 18 U.S.C. § 1001; that Matusow and Ford, the Government's principal witnesses, were Communist Party members paid by the Federal Bureau of Investigation to make oral or written reports of Communist Party activities in which they participated; that they made such reports of activities participated in by the defendant and testified concerning them at the trial. It was held that the trial court erred in denying the defendant's motions to direct the Government to produce those reports for inspection and use in cross-examining the said witnesses.

The pertinent portions of the opinion are as follows:

"We hold that the petitioner (the defendant) was not required to lay a preliminary foundation of inconsistency, because a sufficient foundation was established by the testimony of Matusow and Ford that their reports were of the events and activities related in their testimony. * * *

"The necessary essentials of a foundation emphasized in that opinion, (referring to Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447) and present here, are that 'the demand was for production of * * * specific documents and did not propose any broad or blind fishing expedition among documents possessed by the Government on the chance that something impeaching might turn up. Nor was this a demand for statements taken from persons or informants not offered as witnesses.' * * * We reaffirm and re-emphasize these essentials. * * *

"Flat contradiction between the witness's testimony and the version of the events given in his reports is not the only test of inconsistency. The omission from the reports of facts related at the trial, or a contrast in emphasis upon the same facts, even a different order of treatment, are also relevant to the cross-examining process of testing the credibility of a witness' trial testimony. * * *

"We now hold that the petitioner was entitled to an order directing the Government to produce for inspection all reports of Matusow and Ford in its possession, written and, when orally made, as recorded by the F.B.I., touching the events and activities as to which they testified at the trial. We hold, further, that the petitioner is entitled to inspect the reports to decide whether to use them in his defense. * * * Only after inspection of the reports by the accused, must the trial judge determine admissibility—e. g., evidentiary questions of inconsistency, materiality and relevancy—of the contents and the method to be employed for the elimination of parts immaterial or irrelevant." [77 S.Ct. 1012]

It is apparent that the furnishing of a report, made by a witness, is for the purpose of enabling a defendant to test the credibility of such witness on cross-examination. The reports do not create or directly relate to issues in the case. The usefulness of such report, if any there be, is to enable the Court to pass upon the credibility of the direct testimony, elicited from the witnesses.

■ In summary, Jencks holds that the Government, at the trial, shall submit to the defendant for inspection the report or reports in its possession made by witnesses, touching the events and activities as to which such witnesses testified on direct examination.

The effort now made by the defendant to enlarge the scope of the new trial is not supported by Rule 59, F.R.Civ.P., 28 U.S.C., relating to new trials, nor by the cases, construing it.

■ Defendant applies for letters rogatory to prove matters, contained in certain instruments, offered at the trial and not admitted in evidence. It is not certain that Rumania, the country wherein such testimony would be adduced, requires, or even permits letters rogatory. It would seem, however, that defendant should attempt to obtain such testimony first by open commission, and failing in that, he should resort to letters rogatory. Rule 28(b) F.R.C.P.

The testimony should be limited to matters contained in the rejected documents.

Travelling expenses, including board and lodging, for the representative of the United States Attorney should be paid in advance. The defendant must proceed diligently and make every effort to conclude the matter, prior to the October Term of this Court.

The motion is granted to the extent of opening the judgment for the purpose of taking the testimony, on cross-examination, of the Government's witnesses, Malkin, Kornfeder and Pitcoff, and the Government at the time of such cross-examination is directed to produce such statements made by them as are in its possession. If either party desires to offer additional evidence, the Court will consider such requests at the time of trial.

Counsel are requested to suggest a date for trial, preferably in the month of October 1957.

Settle order on two days' notice, and if possible present it for signature on or prior to July 18, 1957.